MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
marcus@mossberglv.com
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
john@mossberglv.com
MOSS BERG INJURY LAWYERS
5420 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEANN MARIE HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Foreign Corporation; and DOES EMPLOYEE; DOES II through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | **CASE NO. 2:25-cv-00061-JAD-BNW**<br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

COMES NOW Plaintiff LEANN MARIE HARRIS, by and through her counsel MARCUS A. BERG, ESQ., and JOHN C. FUNK, ESQ., of the law firm MOSS BERG INJURY LAWYERS, and Defendant, WALMART INC. by and through its counsel TABETHA A. MARTINEZ, ESQ., and JAMES W. FOX, ESQ. of the law firm BURGER MEYER & D'ANGELO, LLP, and hereby submits this Stipulated Discovery Plan and Scheduling Order.

1. **MEETING:**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(a), a telephonic conference was held on March 11, 2025, and was attended by JOHN C. FUNK, ESQ., of the law firm of MOSS

BERG INJURY LAWYERS, on behalf of Plaintiff, LEANN MARIE HARRIS (hereinafter "Plaintiffs), and JAMES W. FOX, ESQ. of the law firm BURGER MEYER & D'ANGELO, LLP, on behalf of Defendant WALMART INC. (hereinafter "Defendant"). This case was originally filed in Nevada State Court but following the production by the Plaintiff of her Initial Disclosure of Witnesses and Documents wherein Plaintiff's claims exceeded $356,000.00 in past medical special, Defendant removed the action to this Honorable Court based on the facts that Defendant is a citizen of Delaware with its principle place of business in Arkansas, and the amount in controversy exceeds $75,000.00. Plaintiff is still treating for her alleged injuries including a new pain management physician and Plaintiff's attorney has not yet received any records from said provider. Counsel anticipates that it will take several weeks for Plaintiff's new healthcare provider to evaluate Plaintiff, develop and treatment plan, and evaluate any potential treatment plan including, but not limited to, a pain pump and/or spinal stimulator. Thus counsel agree that the parties will require an additional three months of discovery to be able to gather records and retain experts to evaluate the same. Thus counsel agrees that it will take nine months before they will be able to be prepared for trial or meaningful settlement conference. Accordingly, counsel requests nine months from the date of removal to complete discovery.

 2. **PRE-DISCOVERY DISCLOSURES**:

 Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff made her pre-discovery disclosure, including, but not limited to, any computation(s) of damages compliant with FRCP 26(a)(i)(A)(iii), on December 12, 2024.  Defendant made its pre-discovery disclosure complaint with FRCP 29(a))(i)(A)(iii) on December 2, 2024.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. **AREAS OF DISCOVERY**:

The parties agree that discovery may be conducted on all matters pursuant to Fed. R.
Civ. P. 26(b), including, but not limited to, all claims and/or defenses allowed pursuant to the
Federal Rules of Civil Procedure and/or Local Rules of Civil Practice.

4. **DISCOVERY PLAN**:   The parties propose the following discovery plan:

1. **Discovery Cut-Off Date:**    LR    26-1(b)(1)    provides    that    "unless
otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date
the first defendant answers or appears will require a special scheduling review."   The parties
agree that a special scheduling review may be necessary as Defendant has requested that
discovery will close on **Monday, December 8, 2025,[1]** which is 271 days from the date of the
Fed. R. Civ. P. 26(f) and Local Rule 26-1(a) conference.   Plaintiffs are agreeable to this request.

A. **Amending the Pleadings and Adding Parties:**    Pursuant to LR
16(b)(2), the parties shall have until **Tuesday, September 9, 2025,** to file any motions to amend
the pleadings or to add parties, which is ninety (90) days before the discovery cut-off date.

B. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**:   Disclosure of experts
shall proceed according to Fed. R. Civ. P. 26(a)(2) and LR 26-1(b)(3) as follows:

i. **Initial Expert Disclosures:**   The disclosure of initial experts and their
reports shall occur on or before **October 9, 2025**, which is sixty (60) days before the discovery
cut-off date.

ii. **Rebuttal Expert Disclosures:**   The disclosure of rebuttal experts and
their reports shall occur on or before **November 10. 2025**, which is thirty (30) days after the

---

[1] Deadlines falling on a Saturday, Sunday or legal holiday have been rolled to
the next day that is not a Saturday, Sunday or legal holiday pursuant to Fed.
R. Civ. P. 6(a)(1)(C).

initial disclosure of experts.

        **C.**    **Dispositive Motions:**  Pursuant to LR 26-1(b)(4), the parties shall have until **January 7, 2026**, to file dispositive motions, which is thirty (30) days after the discovery cut-off date.

        **D.**    **Pre-Trial Order**:  Pursuant to LR 26-1(b)(5), the parties shall file a Joint Pretrial Order on or before **February 6, 2026**, which is not more than thirty (30) days[1] after the date set for the filing of dispositive motions.  In the event that any party files a timely dispositive motion, then the date for the filing of the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motion is rendered or upon further order of the Court.  The disclosure required by FRCP Rule 26(a)(3), including any and all objections thereto, shall be included in the Joint Pretrial Order.

        **E.**    **Court Conferences**:  If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

        **F.**    **Extensions or Modifications of the Discovery Plan/Scheduling Order**:  LR 26-3 governs modification or extensions of this Joint Discovery Plan and Scheduling Order.  Any request to extend will be filed at least 21 days before expiration of the subject deadline(s).

        **G.**    **Format of Discovery**:  Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference.  At this time, the parties do not believe that there will be a need for discovery of electronically stored

information. However, should such discovery be needed, the parties agree that the documents and/or information will be produced in a format that is mutually agreeable between the parties. The parties reserve the right to make a showing for the need of such electronic data as discovery progresses.

**H.**    **Privileged Disclosures**:    At this time, the parties have no issues regarding claims of attorney-client privilege or work-product privilege.  In the event the parties assert such a privilege, the parties will comply with all requirements set forth in Fed. R. Civ. P 26(b)(5).  With regard to mistakenly produced documents or information, production of documents and disclosure of information, within the context of this lawsuit, shall not waive any claim of privilege, confidentiality or protection, so long as the responding party, at or before the final disposition of the action, identifies any privileged documents or information mistakenly disclosed.  Upon such identification:   (1) the mistakenly produced documents or information shall be returned to the responding party; (2) the party which mistakenly received the documents or information shall destroy all copies of the same; and (3) no party can assert that the mistaken production waived a claim of privilege or production.

**I.**        **Authorizations**:  It is agreed that Plaintiffs will execute and serve on Defendant's counsel Provider-specific HIPAA-compliant medical authorizations should Defendant request the same.

**J.**        **Independent Medical Examination**:  Defendant hereby reserves the right to have Plaintiffs participate in an Independent Medical Examination performed by a doctor to be designated by Defendant, to be determined at a later time, if necessary.  Further, Plaintiffs reserve the right to object to any such examination based on certain factors, including, but not limited to, date, time, location and/or physician.

**K.**    **Alternative Dispute Resolution**:  Pursuant to LR 26-1(b)(7), the parties certify that they have conferred about the possibility of using alternative dispute resolution processes.  The parties agree that at this time the case is not amenable to such processes but that they will continue to meet and confer about alternative dispute resolution as the case and discovery progress.

**L.**    **Alternative Forms of Case Disposition**:  Pursuant to LR 26-1(b)(8), the parties certify that they have considered consent to trial by magistrate judge and the use of the short trial program.  The matter is not amenable to the short trial program. Further the parties do not consent at this time to trial by magistrate judge.

**5.**    **OTHER ORDERS REQUIRED OF THE COURT**:

None at this time.

**STIPULATED BY:**

DATED this 13th day of March, 2025.

DATED this 13th day of March, 2025.

MOSS BERG INJURY LAWYERS

BURGER MEYER & D'ANGELO, LLP


*/s/ Marcus A. Berg*

*/s/ James W. Fox*

MARCUS A. BERG, ESQ.
Nevada Bar No. 9760
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
420 West Sahara Avenue, Suite 101
Las Vegas, Nevada  89146
Telephone: (702) 222-4555
Facsimile: (702) 222-4556
*Attorneys for Plaintiff*

JAMES W. FOX, ESQ.
Nevada Bar No. 13122
TABETHA A. MARTINEZ, ESQ.
Nevada Bar No. 14237
999 Corporate Drive, Suite 225
Ladera Ranch, California 92694
Telephone: (949) 427-1888
Facsimile: (949) 427-1889
*Attorneys for Defendant*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SCHEDULING ORDER**

The stipulated Discovery Plan of the parties set forth above, shall be the Scheduling Order for this Action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 26-1.

IT IS SO ORDERED.

_____

UNITED STATES MAGISTRATE JUDGE

DATED: 3/17/2025 _____

## Marilyn

| | |
|---|---|
| **From:** | James W. Fox <Jfox@burgermeyer.com> |
| **Sent:** | Thursday, March 13, 2025 12:13 PM |
| **To:** | Marilyn; Tabetha Martinez; Alexandria C. Raleigh |
| **Cc:** | Marcus Berg; John Funk |
| **Subject:** | Re: Leann Harris v. Walmart |

This is good. Please affix my electronic signature for filing.

**James W. Fox, Esq.**
**Partner**

**BURGER, MEYER & D'ANGELO, LLP**
Telephone: (949) 427-1888
Facsimile: (949) 427-1889
Direct: (725) 258-5160
Email: jfox@burgermeyer.com

NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to Burger, Meyer & D'Angelo, LLP which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** Marilyn <Marilyn@mossberglv.com>
**Sent:** Thursday, March 13, 2025 12:04:14 PM
**To:** James W. Fox <Jfox@burgermeyer.com>; Tabetha Martinez <tmartinez@burgermeyer.com>; Alexandria C. Raleigh <araleigh@burgermeyer.com>
**Cc:** Marcus Berg <Marcus@mossberglv.com>; John Funk <John@mossberglv.com>
**Subject:** Leann Harris v. Walmart

Good afternoon,

Please see the draft Proposed Joint Discovery Plan as you requested at the conference on Tuesday. Please let me know if you believe changes are necessary or if we may affix your electronic signature and submit to the Court.

Thank you,


*Marilyn A. Abel*
Marilyn A. Abel, Paralegal
MOSS BERG INJURY LAWYERS
5420 West Sahara Avenue
Suite 101
Las Vegas, NV 89146
Tel: (702) 222-4555
Fax: (702) 222-4556
Email: marilyn@mossberglv.com